UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| WILLIE POWELL,<br><br>*Plaintiff,*<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>*Defendant.* | Case Number: 8:23-cv-405<br><br>**Jury Trial Demanded** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, **Willie Powell** ("**Mr. Powell**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Experian Information Solutions, Inc.** ("**Experian**"), stating as follows:

**PRELIMINARY STATEMENT**

1. This is an action brought by Mr. Powell against Experian for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331, as the FCRA is a federal statute.

3. Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and § 48.193, Fla. Stat.

4.       Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and / or caused by Experian within Polk County, Florida, which is in the Middle District of Florida.

## PARTIES

### Mr. Powell

5.       Mr. Powell is a natural person residing in the City of Winter Haven, Polk County, Florida.

6.       Mr. Powell is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Experian

7.       Experian is an Ohio profit corporation with a principal business address of 475 Anton Blvd., Costa Mesa, CA 92626.

8.       Experian is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

9.       Experian is a nationwide *Consumer Credit Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and use various means of interstate commerce for the purpose of

preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Experian Produces Clearly Erroneous Report on Plaintiff

10. On November 29, 2022 Mr. Powell requested and received his consumer disclosure from Experian. **SEE PLAINTIFF'S EXHIBIT A.**

11. Experian's disclosure to Mr. Powell included only one single tradeline – a derogatory collection account furnished to Experian by Advanced Collection Bureau. *Id.*

12. Mr. Powell has a long and considerable history of positive payments on multiple accounts from multiple creditors.

13. For example, Mr. Powell opened a credit card with Capital One on or about November 11, 2020.

14. Mr. Powell's Capital One card was in good standing as of December 9, 2022.

15. Likewise, Mr. Powell obtained a secured loan from First Premier Bank on or about June 16, 2021.

16. The First Premier loan was closed on or about December 17, 2021, without any late payments.

17. Mr. Powell also obtained a student loan on or about September 17, 2013.

18. The student loan was serviced by FedLoan Servicing and was closed, without any late payments, on or about May 21, 2014.

19. On information and belief, each of FedLoan Servicing, First Premier Bank, and Capital One furnished information about Mr. Powell's accounts to Experian.

20. Mr. Powell has numerous other accounts reported by various other furnishers, who, on information and belief, also furnished information regarding the accounts to Experian.

21. On information and belief, Experian has mixed Mr. Powell's file with someone of a similar name or Social Security number and has reported Mr. Powell's credit information on that individual's credit file.

22. Alternatively, Experian's systems have created two or more files related to Mr. Powell's personal identifying information, but only assigned the reported accounts to one of the files – often referred to as a "split" or "fragmented" file.

23. The mixed and/or fragmented file resulted from Experian's reckless and improper methods by which it connects data reported to it by various furnishers to its internal files.

24. In an aggressive attempt to match every record reported, Experian's automated systems often erroneously match information to a consumer's credit file with minimal commonalities – even if the data from Experian's furnishers of information contains a substantially different name, date of birth, and/or Social Security number than the target consumer's.

25. The FCRA is clear in its requirement that Experian, as a CRA, has legal obligations to use reasonable procedures to ensure the maximum possible accuracy of its consumer reports. 15 U.S.C. § 1681e(b).

26. Experian is aware that its automated systems often erroneously match tradeline information to a consumer's credit file with minimal commonalities – even if the tradeline data contains a substantially different name, date of birth, and Social Security number than the target consumer's.

27. Despite such knowledge, Experian has yet to change its systems, which often match a consumer's data with the information in its files based on one data point, such as SSN, instead of utilizing all of the information provided to it by an applicant.

28. Experian could reasonably foresee that matching data based on one data point would result in producing consumer disclosures and selling reports which contained numerous pieces of data belonging to an unrelated individual would cause significant harm to Mr. Powell.

29. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's request for a consumer disclosure in November 2022, Experian was required to "clearly and accurately" disclose *all* information in Mr. Powell' file at the time of his request, as well as the sources of information relied upon.

30. Experian failed to clearly and accurately disclose all of the information in its file (or files) on Mr. Powell, as it had in its possession voluminous account information not included in its disclosure to Mr. Powell.

31. Experian has also sold numerous consumer reports regarding Mr. Powell to his creditors and potential creditors, including reports sold to JP Morgan Chase Bank and Capital One.

32. On information and belief, the reports sold by Experian to JP Morgan Chase and Capital One included only the single collection tradeline reported by Advanced Collection Bureau.

### Alternate SSNs

33. Mr. Powell's actual Social Security Number ("SSN") is XXX-XX-1805 (redacted).

34. Mr. Powell has had the same SSN his entire life and has not obtained, nor ever used, any alternate SSN.

35. Despite this, Experian's Disclosure to Mr. Powell included an "alternate" SSN, which, like his real SSN, ends in 1805. **SEE PLAINTIFF'S EXHIBIT A.**

36. Experian's inclusion of a false or alternate SSN implies that Mr. Powell previously applied for credit using multiple SSNs, and thus engaged in fraudulent conduct.

37. Further, Experian did not indicate the source(s) of information on which Experian relied to determine that Mr. Powell had used a SSN other than his own.

38. While Experian included the full 9-digits of the alternate SSN to lenders who requested Mr. Powell's credit report, Experian only provided truncated versions to Mr. Powell on his consumer disclosure.

39. Disclosing to a consumer that he has an "alternate" SSN, while redacting all digits except for the last four (which are the same as his actual SSN), makes it virtually impossible for a consumer to investigate how, or why, this "alternate" SSN is contained in his credit file.

40. Experian's redaction of the alternate SSN on the report it provided to Mr. Powell indicates that Experian believed the alternate SSN did not belong to Mr. Powell.

41. Despite its apparent belief that the alternate SSN was not Mr. Powell's, on information and belief, Experian incorporated the alternate SSN into reports sold to Mr. Powell's creditors and potential creditors.

42. Experian thus acted willfully, or in the alternative, with gross recklessness.

### Experian's Knowledge of the Issues

43. Experian has been sued dozens of times for both mixing and splitting a consumer's file, as well as dozens of additional suits for including false alternate SSNs on its consumer reports and disclosures.

44. Despite this knowledge, Experian continues to sell reports to third-parties in which it claims consumers have used multiple SSNs.

45. Experian likewise continues to match information furnished to it for one consumer with a file belonging to another consumer.

46. On its face, Experian's current policies do not reasonably ensure the "maximum possible accuracy" of credit reports produced, despite being required to do so under the FCRA, 15 U.S.C. § 1681e(b).

47. As a result of Experian's conduct, Mr. Powell was denied financing from the United States Small Business Administration.

48. Mr. Powell has spent time and money to correct his file and force the Defendant to comply with its statutory obligations, and has spent time and money in procuring counsel.

49. Mr. Powell has also been prevented from applying for new credit, as Experian's failure to report all of his accounts will prevent him from obtaining any approval.

50. Mr. Powell has hired this law firm to represent him in this matter and has assigned the firm his right to fees and costs.

## COUNT I
## EXPERIAN'S VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681e(b)

51. Mr. Powell adopts and incorporates paragraphs 1 - 50 as if fully stated herein.

52. Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of a consumer report when it included false and/or missing information in reports sold regarding Mr. Powell, including a false alternate SSN and omitting information furnished to Experian on all of Mr. Powell's accounts, save a singular collection account.

53. Experian's conduct was a product of its regular procedures.

54. Experian has been placed on notice through prior litigation that such procedures often result in mixed and/or fragmented files, and the inclusion of false alternate SSNs in a consumer's file.

55. Despite such notice, Experian continues to utilize the same, or similar procedures.

56. Experian's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

57. Experian is thus liable to Mr. Powell, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Powell's actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

58. Alternatively, Experian acted negligently and is thus liable to Mr. Powell, pursuant to 15 U.S.C. § 1681o, for Mr. Powell's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Powell respectfully requests that this Honorable Court enter judgment against Experian for:

   a. The greater of statutory damages of $1,000 per violation and Mr. Powell's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

   b. Punitive Damages pursuant to 15 U.S.C. § 1681n(a)(2);

   c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d.    Such other relief that the Court deems just and proper.

## COUNT II
## EXPERIAN'S VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681g(a)(1)

59.    Mr. Powell adopts and incorporates paragraphs 1 - 50 as if fully stated herein.

60.    Experian violated **15 U.S.C. § 1681g(a)(1)** when responding to Mr. Powell's request for his consumer disclosure by failing to clearly and accurately disclose to Mr. Powell, a cconsumer, all of the information contained in its file(s) regarding Mr. Powell.

61.    Specifically, on information and belief, Experian had in its possession account information furnished to it by FedLoan Servicing, First Premier Bank, and Capital One, among others, but failed to disclose such information in its disclosure to Mr. Powell.

62.    Experian's conduct was a product of its regular procedures.

63.    Experian has been placed on notice through prior litigation that such procedures often result in mixed and/or fragmented files, resulting in errant disclosures to consumers.

64.    Despite such notice, Experian continues to utilize the same, or similar procedures.

65.    Experian's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide

disclosures which clearly and accurately disclose *all* of the information in its file on a consumer.

66. Experian is thus liable to Mr. Powell, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Powell's actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

67. Alternatively, Experian acted negligently and is thus liable to Mr. Powell, pursuant to 15 U.S.C. § 1681o, for Mr. Powell's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Powell respectfully requests that this Honorable Court enter judgment against Experian for:

    a. The greater of statutory damages of $1,000 per violation and Mr. Powell's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b. Punitive Damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d. Such other relief that the Court deems just and proper.

## COUNT III
## EXPERIAN'S VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681g(a)(2)

68. Mr. Powell adopts and incorporates paragraphs 1 - 50 as if fully stated herein.

69. Experian violated **15 U.S.C. § 1681g(a)(2)** when responding to Mr. Powell's request for his consumer disclosure by failing to clearly and accurately disclose to Mr. Powell, a consumer, the sources of information in his credit file, specifically the false, alternate SSN.

70. Experian's conduct was a product of its regular procedures, whereby Experian produces consumer disclosures without disclosing the source(s) of any alternate SSNs.

71. Experian has been placed on notice through prior litigation that it fails to disclose the source(s) of any alternate SSNs in a consumer's file.

72. Despite such notice, Experian continues to utilize the same, or similar procedures.

73. Experian's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to disclose the source(s) of information in its file upon request.

74. Experian is thus liable to Mr. Powell, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Powell's actual damages and statutory damages of up to

$1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

75. Alternatively, Experian acted negligently and is thus liable to Mr. Powell, pursuant to 15 U.S.C. § 1681o, for Mr. Powell's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Powell respectfully requests that this Honorable Court enter judgment against Experian for:

a. The greater of statutory damages of $1,000 per violation and Mr. Powell's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive Damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that the Court deems just and proper.

## COUNT IV
**EXPERIAN'S VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681b(f)**

76. Mr. Powell adopts and incorporates paragraphs 1 - 50 as if fully stated herein.

77. Experian violated **15 U.S.C. § 1681b(a)** when, on information and belief, it included credit information regarding Mr. Powell in a consumer report sold regarding an unrelated consumer.

78. Mr. Powell did not provide consent for Experian to include his credit information in an unrelated consumer's file.

79. Experian had no purpose listed under § 1681b(a) of the FCRA for selling a consumer report with Mr. Powell's information in response to an inquiry for an unrelated consumer's report.

80. As a result of Experian's conduct, Mr. Powell's highly confidential information is in the hands of an unknown person(s) whom he did not authorize.

81. Experian's conduct was a product of its regular procedures.

82. Experian has been placed on notice through prior litigation that such procedures often result in mixed files, resulting in the inclusion of one consumer's confidential information in a consumer report sold on another consumer.

83. Despite such notice, Experian continues to utilize the same, or similar procedures.

84. Experian's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide disclosures which clearly and accurately disclose *all* of the information in its file on a consumer.

85. Experian is thus liable to Mr. Powell, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Powell's actual damages and statutory damages of up to

$1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

86. Alternatively, Experian acted negligently and is thus liable to Mr. Powell, pursuant to 15 U.S.C. § 1681o, for Mr. Powell's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Powell respectfully requests that this Honorable Court enter judgment against Experian for:

a. The greater of statutory damages of $1,000 per violation and Mr. Powell's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive Damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that the Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Powell hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **February 23, 2023**, by:

**SERAPH LEGAL, P. A.**

*/s/ Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar Number: 119168
BGeiger@seraphlegal.com
1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230 (Ext: 303)
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A     Mr. Powell's Experian Consumer Disclosure, November 29, 2022